UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
KEITH SQUIRES,

                          Plaintiff,                              **SECOND AMENDED COMPLAINT**

    -against-

THE CITY OF NEW YORK,                              13 CV 6390 (BMC)
POLICE OFFICER EDUARDO CORNEJO (TAX 936390),
SERGEANT TREVOR BARONETTE (TAX 927903),        **JURY TRIAL**
POLICE OFFICER TERRENCE HOWARD (TAX 950599),   **DEMANDED**
and JOHN DOE,

                          Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

        Plaintiff, Keith Squires, by his attorneys, Reibman & Weiner, as and for his Second Amended Complaint, hereby alleges as follows, upon information and belief:

**PARTIES, VENUE, and JURISDICTION**

        1.    At all times hereinafter mentioned, plaintiff, Keith Squires, was an adult male resident of Kings County, within the State of New York.

        2.    At all relevant times hereinafter mentioned, defendant, City of New York ("New York City"), was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD"), and their employees.

        3.    At all relevant times hereinafter mentioned, defendant, POLICE OFFICER EDUARDO CORNEJO (TAX 936390), was an adult male employed by the City of New York as a member of the NYPD assigned to the 79th Precinct. POLICE OFFICER CORNEJO is sued

1

herein in his official and individual capacities.

4. At all relevant times hereinafter mentioned, defendant, SERGEANT TREVOR BARONETTE (TAX 927903), was an individual employed by the City of New York as a member of the NYPD. SERGEANT BARONETTE is sued herein in his official and individual capacities.

5. At all relevant times hereinafter mentioned, defendant, POLICE OFFICER TERRENCE HOWARD (TAX 950599), was an individual employed by the City of New York as a member of the NYPD. POLICE OFFICER HOWARD is sued herein in his official and individual capacities.

6. At all relevant times hereinafter mentioned, defendant, JOHN DOE, was an individual employed by the City of New York as a member of the NYPD whose name is currently unknown to the plaintiff. The Doe defendant is sued herein in his official and individual capacities.

7. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. § 1983.

8. Venue is properly laid, pursuant to 28 U.S.C. Section 1391, et seq., in the Eastern District of New York, where the plaintiff and defendant, City of New York, reside, and where the majority of the actions complained of herein occurred.

9. That plaintiff timely served a Notice of Claim on the municipal defendant and complied with all conditions precedent to commencing an action under state law for malicious prosecution.

10. At least thirty days have elapsed since service of plaintiff's Notice of

Claim and adjustment and payment thereof has been neglected or refused.

11. That the within action has been initiated within one year and ninety days of the accrual of plaintiff's claims for malicious prosecution pursuant to New York State Law.

## RELEVANT FACTS

12. On April 16, 2013 (the "Date of the Arrest"), at about 12:40 p.m., plaintiff was lawfully walking on Marcus Garvey Boulevard between Willoughby Avenue and Hart Street in Brooklyn, New York (the "Scene of the Arrest").

13. At or about this time, defendants Cornejo, Baronette, and Howard arrived in plainclothes, on duty, and in an unmarked NYPD vehicle.

14. Without warning, the defendants exited their vehicle, approached plaintiff without any legal justification or excuse, and began searching and questioning plaintiff.

15. Plaintiff was not engaged in any suspicious or illegal activity, and the search revealed no evidence of any guns, drugs, or contraband.

16. Despite the absence of any evidence of wrongdoing on the part of plaintiff, and without any legal justification or excuse, the individual defendants then subjected plaintiff to excessive force by, in part, pushing him, grabbing him, and striking him on his body.

17. Plaintiff was not engaged in any unlawful or suspicious activity, and repeatedly asked the defendants why they were beating and arresting him, and received no response.

18. As a result of defendants' actions, plaintiff sustained physical injuries.

19. Plaintiff was not engaged in any illegal or suspicious activity, and at no time did there exist any basis to utilize any level of force against Mr. Squires, much less the force

3

actually employed, nor could any of the defendants have reasonably believed that such force was necessary.

20. Without any explanation or justification, the defendants applied excessively tight handcuffs to plaintiff and formally arrested him.

21. At no time did plaintiff resist arrest or engage in any violent or threatening behavior.

22. Plaintiff was then taken to the station house of the 79th Precinct where he was held for several hours and where he was improperly strip searched by defendants Cornejo, Howard, and the Doe defendant.

23. The search revealed no evidence of any guns, drugs, or contraband.

24. Plaintiff was eventually transferred to Kings County Central Booking where he was held for several more hours.

25. Plaintiff was eventually arraigned on a criminal complaint made on the basis of false allegations supplied by the individual defendants.

26. Specifically, Police Officer Cornejo provided false allegations to the Kings County District Attorney's Office, in support of the criminal complaint, that plaintiff was "in possession of a quantity of crack cocaine and marihuana and that [defendant Cornejo] observed the defendant holding a plastic bag containing a quantity of crack cocaine and marihuana..."

27. In support of the criminal complaint, Police Officer Cornejo also falsely stated that he "recovered the above-mentioned plastic bag containing eleven plastic twists of crack cocaine and four plastic twists of marihuana from inside defendants' pants where informant observed defendant put it."

28. Pursuant to these false statements, false information, and fabricated evidence, plaintiff was charged with resisting arrest, two counts of criminal possession of a controlled substance, and two counts of marijuana possession.

29. Defendant Cornejo provided these false statements to the Kings County District Attorney's Office and also eventually testified to these allegations in front of the Grand Jury, knowing that there was no basis to support these allegations.

30. These and other allegations, information, and evidence, were false and defendant Cornejo knew them to be false when he made them.

31. At arraignment, plaintiff was released with a future court date and was prosecuted pursuant to the aforementioned false allegations for several months.

32. Beginning on May 15, 2013, plaintiff was detained for several months at Riker's Island Correctional Facility for purported parole violations based on defendants' false criminal allegations.

33. Specifically, defendant Cornejo testified at plaintiff's preliminary parole revocation hearing on May 28, 2013, stating, *inter alia*, that plaintiff resisted arrest and that defendant Cornejo recovered drugs from him.

34. At this parole hearing, defendant Cornejo provided false testimony, false allegations and fabricated evidence against plaintiff.

35. Defendant Cornejo also testified at plaintiff's grand jury hearing, where also provided false testimony and presented fabricated evidence against plaintiff.

36. The Grand Jury did not indict plaintiff, and the charges against him were dismissed on or about July 24, 2013.

5

37. Similarly, there was no finding with respect to the parole violations charged to plaintiff as a result of the defendants' false allegations and fabrication of evidence.

38. Plaintiff was released from custody on or about August 8, 2013.

39. The decision to arrest plaintiff was objectively unreasonable under the circumstances.

40. At no time did there exist sufficient cause to seize or arrest plaintiff, nor could the defendants have reasonably believed that such cause existed.

41. The factual allegations and testimony sworn to by defendant Cornejo against plaintiff were materially false and deliberately made to justify the illegal arrest and assault by defendants against plaintiff.

42. At no time did defendants take any steps to intervene in, prevent, or otherwise limit the heretofore misconduct engaged in against plaintiff.

43. The individual defendants intentionally and deliberately gave false statements and/or failed to file accurate or corrective statements, or otherwise failed to report the conduct of the defendants who engaged in the misconduct described herein as required.

44. That at all times relevant herein, the defendants were on duty and acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

## FIRST CAUSE OF ACTION

45. Plaintiff repeats the allegations contained in each of the foregoing paragraphs as though stated fully herein.

46. At no time did defendants have any legal basis for arresting or imprisoning

plaintiff, commencing criminal process, or using physical force against him, nor was there any reasonable basis to believe said conduct set forth herein was lawful, reasonable, or otherwise appropriate.

47. Defendants willfully and intentionally seized, searched, detained, and arrested plaintiff without probable cause, and without a reasonable basis to believe such cause existed.

48. Defendants willfully and intentionally subjected plaintiff to physical force in excess of what was reasonable under the circumstances and caused plaintiff to suffer physical injuries, and did so without a reasonable basis to believe that such conduct was appropriate, reasonable, lawful, or necessary.

49. By so doing, the individual defendants, individually and collectively, subjected plaintiff to excessive force, false arrest and imprisonment, malicious prosecution, malicious use and abuse of process, unlawful searches of person and property, fabrication of evidence, denial of fair trial, and denial of due process, and thereby violated, conspired to violate, and aided and abetted in the violation of plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

50. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of his constitutional rights.

## SECOND CAUSE OF ACTION

51. Plaintiff repeats the allegations contained in each of the foregoing paragraphs as though stated fully herein.

52. Defendant City of New York was responsible for ensuring that reasonable and appropriate levels of supervision were in place within and/or over the NYPD.

53. Defendant had actual or constructive knowledge that there was inadequate supervision over and/or within the NYPD with respect to its members' abuse of their authority, use of excessive force, abuse of arrest powers, and other blatant violations of the United States Constitution and the rules and regulations of the NYPD. Despite ample notice of inadequate supervision, defendants took no steps to ensure that reasonable and appropriate levels of supervision were put place to reasonably ensure that NYPD members engaged in police conduct in a lawful and proper manner, including their use of their authority as law enforcement officers with respect to the general public, including, and specifically, the plaintiff herein.

54. The defendant City of New York deliberately and intentionally chose not to take action to correct the chronic, systemic, and institutional misuse and abuse of police authority by its NYPD employees, and thereby deliberately and intentionally adopted, condoned, and otherwise created through deliberate inaction and negligent supervision, an NYPD policy, practice, and custom of utilizing illegal and impermissible searches, arrests, and detentions, and the manufacturing of evidence, in the ordinary course of NYPD business in flagrant disregard of the state and federal constitutions, as well as the Patrol Guide, up to and beyond the plaintiff's arrest.

55. All of the acts and omissions by the individual defendants described above were carried out pursuant to overlapping policies and practices of the municipal defendant in their capacities as police officers and officials pursuant to customs, policies, usages, practices, procedures and rules of the City and the NYPD, all under the supervision of ranking officers of

the NYPD.

56. The aforementioned customs, practices, procedures, and rules of the City and the NYPD include, but are not limited to, the following unconstitutional practices:

    a. Using excessive force on individuals, including but not limited to those who have already been handcuffed;

    b. Failing to supervise, train, instruct and discipline police officers and encouraging their misconduct;

    c. Discouraging police officers from reporting the corrupt or unlawful acts of other officers;

    d. Retaliating against officers who report police misconduct; and

    e. Failing to intervene to prevent the above-mentioned practices when such intervention is reasonably available.

57. The existence of aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in the following, non-exhaustive list of civil actions:

    a. *Thompson v. City of New York,* 10-CV-3603 (ARR) (SMG) (E.D.N.Y.)

    b. *Lotorto v. City of New York,* 10-CV-1223 (ILG) (JMA) (E.D.N.Y.);

    c. *Zabala v. City of New York,* 37711/2010 (Sup. Ct., Kings Co.);

    d. *Ashe v. City of New York,* 09-CV-9696 (GBD) (THK) (S.D.N.Y.);

    e. *Long v. City of New York,* 09-CV-9216 (AKH) (S.D.N.Y.);

    f. *Moise v. City of New York,* 09-CV-9855 (DC) (JLC) (S.D.N.Y.)

    g. *Taylor-Mickens v. City of New York,* 09-CV-7923 (RWS) (SD.N.Y.);

    h.    *Carmody* v. *City of New York,* 05-CV-8084 (HB), 2006 U.S. Dist. LEXIS 83207;

    i.    *McMillan* v. *City of New York,* 04-CV-3990 (FB) (RML) (E.D.N.Y.);

    j.    *Avent* v. *City of New York,* 04-CV-2451 (CBA) (CLP) (E.D.N.Y.):

    k.    *Smith* v. *City of New York,* 04-CV-1045 (RRM) (JMA) (E.D.N.Y.);

    l.    *Powers* v. *City of New York,* 04-CV-2246 (NGG) (E.D.N.Y.);

    m.    *Dotson* v. *City of New York,* 03-CV-2136 (RMB) (S.D.N.Y.);

    n.    *Nonnemann* v. *City of New York,* 02-CV-I0131 (JSR) (AJP) (S.D.N.Y.);

    o.    *Richardson* v. *City of New York,* 02-CV-3651 (JG) (CLP) (E.D.N.Y.);

    p.    *Barry* v. *New York City Police Department,* 01-CV-10627 (CBM) (S.D.N.Y.);

    q.    *Walton v. Safir,* 99-CV-4430 (AKH) (S.D.N.Y.);

    r.    *White-Ruiz v. The City of New York,* 93-CV-7233 (DLC) (MHD) (S.D.N.Y.);

    s.    *Ariza v. City of New York,* 93-CV-5287 (CPS) (E.D.N.Y.);

58. In an Order dated November 25, 2009, in *Colon v. City of New York,* 09-CV-0008 (E.D.N.Y.), the Hon. Jack B. Weinstein stated:

> Informal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. Despite numerous inquiries by commissions and strong reported efforts by the present administration -- through selection of candidates for the police force stressing academic and other qualifications, serious training to avoid constitutional violations, and strong disciplinary action within the department -- there is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving

illegal conduct of the kind now charged.

59. Furthermore, more than half the time that the Civilian Complaint Review Board refers substantiated complaints against officers to the NYPD for disciplinary action, the NYPD either simply issues a verbal warning or drops the charges altogether.

60. It is therefore clear that the municipal defendant has not only tolerated, but actively fostered a lawless atmosphere within the NYPD and that the City of New York was deliberately indifferent to the risk that the inadequate level of supervision would lead to the violation of individuals' constitutional rights in general, and caused the violation of plaintiff's rights in particular.

61. By reason thereof, defendants have violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of his constitutional rights.

.                              **THIRD CAUSE OF ACTION**

62. Plaintiff repeats the allegations contained in each of the foregoing paragraphs as though stated fully herein.

63. Plaintiff was subjected to malicious prosecution by the defendants.

64. At no time did defendants have any legal basis for using physical force against plaintiff, nor was there any reasonable basis to believe said conduct set forth herein was lawful, reasonable, or otherwise appropriate.

65. The defendants are therefore liable under New York law to plaintiff for malicious prosecution, fabrication of evidence, denial of fair trial, and denial of due process.

66. By reason thereof, defendants have caused plaintiff to suffer emotional

and physical injuries, mental anguish, the loss of his constitutional rights, and unlawful incarceration.

### DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

WHEREFORE, the plaintiff demands judgment against defendants jointly and severally as follows:

    i.    on the causes of action one through three, actual and punitive damages in an amount to be determined at trial;

    ii.    statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988 and New York common law, disbursements, and costs of the action; and

    iii.    such other relief as the Court deems just and proper.

Dated:    Brooklyn, New York
February 6, 2014

By:    /s/
Jessica Massimi (JM-2920)
Reibman & Weiner
Attorneys for Plaintiff
26 Court Street, Suite 1808
Brooklyn, New York 11242
718-522-1743

To:    The New York City Law Department
*Attorneys for Defendants*
100 Church Street
New York, NY 10007
Joshua Lax, ACC
**Via ECF**